-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MAXWELL FRANCIS ANKRAH,

        Petitioner,

        **DECISION AND ORDER**
-v-        10-CV-0257Sc

I.C.E.,

        Respondent.

_____

     Upon the filing of the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, the Court determined that petitioner, a detainee at the Buffalo Federal Detention Facility pursuant to a final order of removal, was seeking both review of an order of removal entered by an Immigration Judge and a stay of removal. Petitioner was not challenging his continued detention pending removal. Because the Court found that petitioner was challenging an order of removal within in the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), it dismissed the petition without prejudice to re-filing in the proper Court of Appeals on the basis that it had no jurisdiction to review the merits of the petition or to stay the order of removal. (Docket No. 3.) See Gittens v. Menifee, 428 F.3d 382, 383 (2d Cir.2005) ("The REAL ID Act 'eliminates habeas corpus review of orders of removal ....' ") (quoting Marquez-Almanzar v. INS, 418 F.3d 210, 212 (2d Cir.2005)).

Petitioner was advised that any challenges to his order of removal and/or request for a stay of removal had to be filed within 30 days of the date of the final order of removal with the United States Court of Appeals "for the judicial circuit in which the immigration judge completed the removal proceedings." INA, § 242(b)(1)-(2), 8 U.S.C. § 1252(b)(1)-(2). (Docket No. 3, at 2-3.)

Petitioner has filed a motion for reconsideration of the Order and Judgment dismissing the petition (Docket No. 5) but, like the petition, raises only a challenge to the order of removal and seeks a stay of removal on the bases that he was not represented by counsel during the removal proceedings and was not accorded due process during the removal proceedings before the Immigration Judge. (Docket No. 5.) These are the same grounds raised in the petition. Accordingly, there is no basis to reconsider the Court's prior Order and Judgment dismissing the petition. See Fed.R.Civ.P. 59(e); Cray v. Nationwide Mutual Insurance Co., 192 F. Supp.2d 37, 39 (W.D.N.Y. 2001) ("A Rule 59(e) motion can only be granted if the movant presents newly discovered evidence that was not available at the time of the trial, or there is evidence in the record that establishes a manifest error of law or fact.") (citation omitted). Accordingly,

IT IS HEREBY ORDERED that the motion for reconsideration is denied;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United

*States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

    IT IS SO ORDERED.

                                              _____
                                              HONORABLE RICHARD J. ARCARA
                                              DISTRICT JUDGE
                                              UNITED STATES DISTRICT COURT

Dated:    March 24, 2011